| PROB 22<br>(Rev. 01/24) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)*<br>4:20CR00252-003 |
| --- | --- | --- |
| | | DOCKET NUMBER *(Rec. Court)*<br>25tp80021 Cannon |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE:<br><br>**David Warren** | DISTRICT<br>Eastern District of Texas | DIVISION<br>Sherman Division |
| --- | --- | --- |
| FILED BY____*TM*____D.C.<br><br>*Jun 27, 2025*<br><br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S. D. OF FLA. - WPB | NAME OF SENTENCING JUDGE<br>The Honorable Amos L. Mazzant, III | |
| | DATES OF PROBATION/<br>SUPERVISED RELEASE: | FROM<br>**08/28/2024** |

| | TO<br>**08/27/2029** |

OFFENSE

Conspiracy to Commit Illegal Renumerations - 18 U.S.C. § 371

JUSTIFICATION/REASON FOR TRANSFER (e.g., prosocial ties, employment/education opportunities, violation of supervision) –

David Warren began his term of probation in the Southern District of Florida, West Palm Beach Division on August 28, 2024, and he has a stable residence and employment with no ties to the Eastern District of Texas. He intends to remain in the Southern District of Florida throughout his term of probation.

**PART 1 – ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE   EASTERN DISTRICT OF TEXAS

   IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the **Eastern District of Florida, West Palm Beach Division** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| June 23, 2025 | *Amos Mazzant* |
| --- | --- |
| Date | U.S. District Judge |

*This sentence may be deleted in the discretion of the transferring Court.      AMOS L. MAZZANT, III

**PART 2 – ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| 6/26/25 | |
| --- | --- |
| Effective Date | United States District Judge |



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED

NOV 19 2020

Clerk, U.S. District Court
Texas Eastern

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 4:20-CR-252 |
| v. | § | JUDGE ALM/KPJ |
| | § | |
| STEVEN CHURCHILL (01) | § | |
| SAMSON SOLOMON (02) | § | |
| DAVID WARREN (03) | § | |
| DANIEL STADTMAN (04) | § | |
| LYDIA HENSLEE (05) | § | |

## FIRST SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### General Allegations

At all times relevant to this Indictment:

### The Medicare Program

1.      The Medicare Program ("Medicare") is a federal health care program

providing benefits to persons who are over the age of sixty-five and some persons under

the age of sixty-five who are blind or disabled.  Medicare is administered by the Centers

for Medicare and Medicaid Services (CMS), a federal agency under the United States

Department of Health and Human Services (HHS).  Individuals who receive benefits

under Medicare are referred to as Medicare "beneficiaries."

2.      Medicare is a "health care benefit program," as defined by Title 18, United

States Code, Section 24(b), in that it is a public plan affecting commerce under which

medical benefits, items, and services are provided to individuals and under which

individuals and entities who provide medical benefits, items, or services may obtain payments.

3.     Medicare is a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f), in that it is a plan or program that provides health benefits, whether directly, through insurance, or otherwise, which is funded directly, in whole or in part, by the United States Government.

4.     The Medicare payment system is comprised of four parts:  Medicare Part A, which provides, among other things, hospital, home health, and skilled nursing care; Medicare Part B, which provides coverage for physician services and outpatient care, including coverage for durable medical equipment, prosthetics, orthotics, and supplies (DMEPOS); Medicare Part C, which provides managed care coverage; and Medicare Part D, which covers prescription drug benefits.

5.     A Medicare Administrative Contractor (MAC) is a private health care insurer that has been awarded a geographic jurisdiction to process Medicare Part A and Part B claims for Medicare Fee-For-Service beneficiaries.  The MAC also administers the provider enrollment process.  CMS relies on a network of MACs to serve as the primary operational contact between the Medicare program and health care providers enrolled, or seeking to become enrolled, in the program.

6.     DMEPOS is equipment that may be used in the home on a repeated basis for a medical purpose.  DMEPOS suppliers who meet certain criteria may obtain Medicare provider numbers, which allow them to submit claims directly to Medicare in

order to receive reimbursement for the cost of DMEPOS supplied to eligible Medicare beneficiaries.

7.      DMEPOS companies are prohibited from receiving payments for items or services:

    a.  That are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member or which are not reasonable and necessary for the prevention of illness,

    b.  For which the individual furnished such items or services has no legal obligation to pay and which no other person has a legal obligation to provide or pay for,

    c.  That constitute personal comfort items, or

    d.  Where such items are for custodial care.

8.      It is the obligation of the health care providers, including DMEPOS companies, to assure that services or items:

    a.  Are provided economically and only when, and to the extent, medically necessary, and

    b.  Are supported by evidence of medical necessity.

9.      Orthotic devices are a type of DMEPOS that includes rigid and semi-rigid devices such as ankle, knee, back, elbow, wrist, and hand braces.

10.     Physicians, DMEPOS companies, and other healthcare providers that provide services to Medicare beneficiaries are referred to as Medicare "providers." To

Indictment – Page 3

participate in Medicare, providers are required to submit an application in which they certify that they understand and will abide by the federal laws and regulations governing their participation in Medicare, including a specific understanding of 42 U.S.C. § 1320a-7b(b), Illegal Remunerations, also known as the Anti-Kickback Statute.

11.     When Medicare approves a provider's application, Medicare issues the provider a unique provider number, known as a National Provider Identifier ("NPI"). Medicare uses the NPI to identify the provider in claims submitted for payment. CMS contracts with MACs to perform all enrollment activities for providers.

12.     Upon enrollment, Medicare issues providers a provider manual that describes the requirements to participate in the Medicare program, as well as ongoing newsletters advising them of the additional requirements for participation and instructions on what services Medicare covers. Medicare manuals and other resources are also publically-available online.

13.     CMS also contracts with MACs to administer Medicare Part B claim payments, which includes claims for DMEPOS. Each time a provider submits a claim to Medicare, the provider certifies the claim is true, correct, and complete, and complies with all Medicare laws and regulations. The claims are generally submitted electronically.

14.     Individuals who qualify for Medicare benefits are commonly referred to as Medicare beneficiaries. Each beneficiary is assigned a Health Insurance Claims Number ("HICN").

15.     A provider, including a DMEPOS company, enrolled as a Medicare provider is able to file claims with Medicare to obtain payment for services provided to beneficiaries. A Medicare claim for DMEPOS reimbursement is required to set forth, among other things, the beneficiary's name and Medicare HICN, the equipment provided to the beneficiary, the date the equipment was provided, the cost of the equipment, and the name and identification number of the physician or other health care provider who prescribed or ordered the equipment.

16.     Under Medicare rules, Medicare Part B pays for the cost of medically necessary orthotic braces and equipment when supplied to a beneficiary if the beneficiary had a debilitating medical condition which would be improved by the use of an orthotic brace, and the need for the orthotic brace was documented by a licensed physician or approved medical practitioner in the form of a physician's order or, in some cases, a CMN.

17.     In order for a DME supplier to be paid for providing an orthotic brace to a beneficiary, Medicare requires the supplier to obtain documentation that the orthotic brace was medically necessary. Although no specific document outside of a physician's order or CMN is required to support the patient's medical need for the equipment, the patient's treating physician is required to assess the patient's need for and potential benefit from an orthotic brace.

**Special Fraud Alert**

18.     In January 2010, the HHS Office of Inspector General (OIG) reissued an updated Special Fraud Alert on Telemarketing by Durable Medical Equipment Suppliers,

which the OIG originally issued in March 2003. In the Special Fraud Alert, the OIG stated that Section 1834(a)(17)(A) of the Social Security Act prohibits DMEPOS providers from making unsolicited phone calls to Medicare beneficiaries, unless they meet one of three exceptions: (1) the beneficiary gave written permission to the provider to make contact by telephone; (2) the contact is regarding a covered item the provider already furnished to the beneficiary; or (3) the supplier has furnished at least one covered item to the beneficiary during the preceding fifteen months. The OIG emphasized that pursuant to the Social Security Act, DMEPOS providers cannot use an independent marketing firm to make unsolicited telephone calls to Medicare beneficiaries to market DME. In addition, the OIG stated that "a DME supplier is responsible for verifying that marketing activities performed by third parties with which the supplier contracts or otherwise does business do not involve prohibited activity and that information purchased from such third parties was neither obtained, nor derived, from prohibited activity."

### The Defendants and Associated Companies

19.   **Steven Churchill** resided in or around Boca Raton, Florida.

20.   **Samson Solomon** resided in or around West Palm Beach, Florida.

21.   LPI Media Group, Inc. (LPI Media Group) was a Florida company. LPI Media Group was formed in or about March 2016. The company is currently active. **Steven Churchill** is the Owner and President of LPI Media Group. **Samson Solomon** worked on behalf of LPI Media Group.

22.   **David Warren** resided in or around Boca Raton, Florida.

23.     M&M Medical Support, LLC was a Florida limited liability company owned by **David Warren**.  David Warren formed M&M Medical Support on August 11, 2016.  On November 13, 2017, M&M Medical Support became a DMEPOS Medicare provider, specifically providing braces.

24.     **Daniel Stadtman** resided in or around Allen, Texas.

25.     **Lydia Henslee** resided in or around McKinney, Texas.

26.     Unindicted Co-conspirator 1 resided in or around McKinney, Texas.

27.     Dandee Group, LLC was a Texas limited liability company owned by **Daniel Stadtman** and Unindicted Co-conspirator 1.  **Daniel Stadtman** formed Dandee Group, LLC on February 8, 2017.

28.     Unindicted Co-conspirator 2 resided in or around Flower Mound, Texas.

29.     MedPro was an assumed name for a business owned by Unindicted Co-conspirator 1 and Unindicted Co-conspirator 2.  MedPro became inactive in or around August 2018.  **Lydia Henslee** was an employee of MedPro.

30.     LAC Media Group was an assumed name for a business owned by Unindicted Co-conspirator 1.  **Lydia Henslee** was an employee of LAC Media Group.

## COUNT 1

Violation:  18 U.S.C. § 371
(Conspiracy to Commit Illegal
Remunerations)

1.      The General Allegations sections of this Indictment are realleged and
incorporated by reference as though fully set forth herein.

2.      From in or around February 2018, and continuing thereafter until or about
April 2019, the exact dates being unknown to the Grand Jury, in the Eastern District of
Texas, and elsewhere, the defendants, **Steven Churchill, Samson Solomon, David
Warren**, **Daniel Stadtman**, and **Lydia Henslee**, knowingly and willfully conspired and
agreed with others, both known and unknown to the Grand Jury, to commit and abet
certain offenses against the United States:

        a.      to violate the Anti-Kickback statute by knowingly and willfully
                soliciting or receiving any remuneration, including any kickback,
                directly or indirectly, overtly or covertly, in cash or in kind, in return
                for referring Medicare beneficiaries to a person for the furnishing or
                arranging for the furnishing of any item or service for which
                payment may be made in whole or in part under a Federal health
                care program, namely the Medicare program, in violation of 42
                U.S.C. § 1320a-7b(b)(1)(A);

        b.      to violate the Anti-Kickback statute by knowingly and willfully
                soliciting or receiving any remuneration, including any kickback,
                directly or indirectly, overtly or covertly, in cash or in kind, in return

for purchasing, leasing, ordering, or arranging for or recommending purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made in whole or in part under a Federal health care program, namely the Medicare program, in violation of 42 U.S.C. § 1320a-7b(b)(1)(B);

c. to violate the Anti-Kickback statute by knowingly and willfully offering or paying remuneration, including any kickback, directly or indirectly, overtly or covertly, in cash or in kind, to any person to induce the referral of Medicare beneficiaries for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program, namely the Medicare program, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A); and

d. to violate the Anti-Kickback statute by knowingly and willfully offering or paying remuneration, including any kickback, directly or indirectly, overtly or covertly, in cash or in kind, to any person to induce the purchase, lease, order, or arrange for or recommend purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made in whole or in part under a Federal health care program, namely the Medicare program, in violation of 42 U.S.C. § 1320a-7b(b)(2)(B).

### Object of the Conspiracy

3.      It was the object of the conspiracy for the defendants, **Steven Churchill, Samson Solomon, David Warren**, **Daniel Stadtman**, and **Lydia Henslee**, and their co-conspirators to unlawfully enrich themselves by paying and receiving kickbacks in exchange for the referral of and arranging for health care business for which payment may be made in whole or in part under the Medicare program, to conceal the kickback arrangements, and to use the kickbacks and the proceeds of the kickback arrangements for their personal benefit, as well as that of others.

### Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4.      M&M Medical Support was a DMEPOS provider in Florida that specialized in braces, also known as orthotics.

5.      **David Warren**, individually and through his company M&M Medical, paid a network of "patient lead companies" in exchange for signed prescriptions for braces.

6.      **Daniel Stadtman**, **Steven Churchill**, **Samson Solomon**, Unindicted Co-conspirator 1, Unindicted Co-conspirator 2, and **Lydia Henslee**, individually and through their companies, generated business for M&M Medical Support, and other DMEPOS providers, in exchange for kickback payments, namely payments in exchange for, or

arranging for, orthotics referrals for which payment may be made in whole or in part under the Medicare, Medicaid, or other Federal health care programs.

7.     **Daniel Stadtman**, individually and through his company Dandee Group, obtained the orthotics referrals he sold to M&M Medical Support and other DMEPOS providers by making kickback payments to Unindicted Co-conspirator 1, Unindicted Co-conspirator 2, and **Lydia Henslee**, individually and through their company MedPro, in exchange for orthotics referrals for which payment may be made in whole or in part under the Medicare, Medicaid, or other Federal health care programs.

8.     Unindicted Co-conspirator 1, Unindicted Co-conspirator 2, and **Lydia Henslee**, individually and through their companies MedPro and LAC Media Group, obtained the orthotics referrals for which payment may be made in whole or in part under the Medicare, Medicaid, or other Federal health care programs that they later sold to **David Warren** and M&M Medical Support and other DMEPOS providers, by making kickback payments to **Steven Churchill** and **Samson Solomon**, individually and through LPI Media Group, in exchange for Medicare patient information.

9.     Using the patient lead information, Unindicted Co-conspirator 1, Unindicted Co-conspirator 2, and **Lydia Henslee**, individually and through their companies, created fictitious prescriptions for braces and sold the fictitious prescriptions as referrals for which payment may be made in whole or in part under the Medicare, Medicaid, or other Federal health care programs to **Steven Churchill, Samson Solomon, David Warren**, and **Daniel Stadtman**, individually and through their companies.

10.    **David Warren**, individually and through M&M Medical Support, paid approximately $433,500 for orthotics referrals.

11.    After receiving the orthotics referrals from the "patient lead companies," M&M Medical Support submitted claims to Medicare for payment. M&M Medical Support billed Medicare at least $3,781,105 for orthotics generated from the referrals it obtained from his co-conspirators. Medicare paid M&M Medical Support at least $763,869 for those orthotics.

12.    **Steven Churchill** and **Samson Solomon**, individually and through LPI Media Group, paid approximately $1,223,126.56 for orthotics referrals.

### Overt Acts

In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the Eastern District of Texas and elsewhere:

### David Warren's Payments to Dandee Group and LAC Media Group

13.    On or about February 1, 2018, **David Warren** entered into an illegal remuneration agreement with **Daniel Stadtman** and Unindicted Co-conspirator 1 through their business Dandee Group. Between February 2018 and August 2018, **David Warren** paid Dandee Group approximately $192,250 in exchange for orthotics referrals.

14.    On or about the dates specified below in the payment date column, to the particular entity or individual specified, and in the amounts specified, a portion of which constituted illegal remunerations, **David Warren**, individually and through his company M&M Medical Support, knowingly and willfully paid remuneration, including any kickback, directly and indirectly, overtly and covertly, in cash and in kind, to **Daniel**

**Stadtman** and Unindicted Co-conspirator 1, through their business Dandee Group, for the referral of and arranging for the furnishing of any item and service for which for which payment may be made in whole and in part under the Medicare program and in return for arranging for the ordering of any service and item for which payment may be made in whole and in part under the Medicare program; and **Daniel Stadtman** and Unindicted Co-conspirator 1, acting through Dandee Group, knowingly and willfully received remuneration, including any kickback, directly and indirectly, overtly and covertly, in cash and in kind, in return for referring Medicare beneficiaries for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part under the Medicare program and in return for arranging for the ordering of any service and item for which payment may be made in whole and in part under the Medicare program.

| Overt Act | Payment Date | Amount | Entity |
|---|---|---|---|
| a. | 2/5/2018 | $9,000 | Dandee Group |
| b. | 4/6/2018 | $6,750 | Dandee Group |
| c. | 4/16/2018 | $6,750 | Dandee Group |
| d. | 4/19/2018 | $6,750 | Dandee Group |
| e. | 4/23/2018 | $6,750 | Dandee Group |
| f. | 4/30/2018 | $9,000 | Dandee Group |
| g. | 5/4/2018 | $7,000 | Dandee Group |
| h. | 5/8/2018 | $9,000 | Dandee Group |
| i. | 5/10/2018 | $6,750 | Dandee Group |
| j. | 5/22/2018 | $9,000 | Dandee Group |
| k. | 5/25/2018 | $9,000 | Dandee Group |
| l. | 6/1/2018 | $9,000 | Dandee Group |
| m. | 6/8/2018 | $9,000 | Dandee Group |
| n. | 6/25/2018 | $10,500 | Dandee Group |
| o. | 7/2/2018 | $10,500 | Dandee Group |

| Overt Act | Payment Date | Amount | Entity |
|---|---|---|---|
| p. | 7/9/2018 | $10,500 | Dandee Group |
| q. | 7/16/2018 | $10,500 | Dandee Group |
| r. | 7/20/2018 | $10,500 | Dandee Group |
| s. | 7/23/2018 | $2,250 | Dandee Group |
| t. | 7/30/2018 | $10,500 | Dandee Group |
| u. | 7/30/2018 | $2,250 | Dandee Group |
| v. | 8/6/2018 | $10,500 | Dandee Group |
| w. | 8/14/2018 | $10,500 | Dandee Group |

15.     On or about October 11, 2018, **David Warren** entered into an illegal remuneration agreement with Unindicted Co-conspirator 1, who was acting through his business, LAC Media Group.  Between October 2018 and May 2019, **David Warren** paid LAC Media Group approximately $240,750 in exchange for orthotics referrals.

16.     On or about the dates specified below in the payment date column, to the particular entity or individual specified, and in the amounts specified, a portion of which constituted illegal remunerations, **David Warren**, individually and through his company M&M Medical Support, knowingly and willfully paid remuneration, including any kickback, directly and indirectly, overtly and covertly, in cash and in kind, to Unindicted Co-conspirator 1, through his business LAC Media Group, for the referral of and arranging for the furnishing of any item and service for which for which payment may be made in whole and in part under the Medicare program and in return for arranging for the ordering of any service and item for which payment may be made in whole and in part under the Medicare program; and Unindicted Co-conspirator 1, acting through LAC Media Group, knowingly and willfully received remuneration, including any kickback, directly and indirectly, overtly and covertly, in cash and in kind, in return for referring

Medicare beneficiaries for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part under the Medicare program and in return for arranging for the ordering of any service and item for which payment may be made in whole and in part under the Medicare program.

| Overt Act | Payment Date | Amount | Entity |
|---|---|---|---|
| a. | 10/12/2018 | $5,625.00 | LAC Media Group |
| b. | 10/18/2018 | $5,625.00 | LAC Media Group |
| c. | 10/25/2018 | $5,625.00 | LAC Media Group |
| d. | 10/29/2018 | $3,375.00 | LAC Media Group |
| e. | 11/1/2018 | $9,000.00 | LAC Media Group |
| f. | 11/6/2018 | $9,000.00 | LAC Media Group |
| g. | 11/14/2018 | $9,000.00 | LAC Media Group |
| h. | 11/16/2018 | $9,000.00 | LAC Media Group |
| i. | 11/21/2018 | $9,000.00 | LAC Media Group |
| j. | 11/26/2018 | $9,000.00 | LAC Media Group |
| k. | 11/28/2018 | $9,000.00 | LAC Media Group |
| l. | 12/3/2018 | $9,000.00 | LAC Media Group |
| m. | 12/7/2018 | $9,000.00 | LAC Media Group |
| n. | 12/14/2018 | $9,000.00 | LAC Media Group |
| o. | 12/19/2018 | $5,625.00 | LAC Media Group |
| p. | 1/7/2019 | $5,625.00 | LAC Media Group |
| q. | 1/10/2019 | $5,625.00 | LAC Media Group |
| r. | 1/15/2019 | $5,625.00 | LAC Media Group |
| s. | 1/17/2019 | $5,625.00 | LAC Media Group |
| t. | 1/23/2019 | $5,625.00 | LAC Media Group |
| u. | 1/25/2019 | $9,000.00 | LAC Media Group |
| v. | 1/30/2019 | $9,000.00 | LAC Media Group |
| w. | 2/1/2019 | $9,000.00 | LAC Media Group |
| x. | 2/7/2019 | $9,000.00 | LAC Media Group |
| y. | 2/12/2019 | $9,000.00 | LAC Media Group |
| z. | 2/14/2019 | $9,000.00 | LAC Media Group |
| aa. | 2/20/2019 | $9,000.00 | LAC Media Group |
| bb. | 2/22/2019 | $9,000.00 | LAC Media Group |
| cc. | 2/27/2019 | $9,000.00 | LAC Media Group |
| dd. | 3/27/2019 | $4,500.00 | LAC Media Group |

| Overt Act | Payment Date | Amount | Entity |
|---|---|---|---|
| ee. | 4/4/2019 | $4,500.00 | LAC Media Group |
| ff. | 4/9/2019 | $4,500.00 | LAC Media Group |
| gg. | 5/21/2019 | $2,250.00 | LAC Media Group |

**Dandee Group Payments to MedPro and LAC Media Group**

17.     Between May 2018 and August 2018, **Daniel Stadtman** paid MedPro and LAC Media Group approximately $37,000 in exchange for orthotics referrals.

18.     On or about the dates specified below in the payment date column, to the particular entity or individual specified, and in the amounts specified, a portion of which constituted illegal remunerations, **Daniel Stadtman** through Dandee Group knowingly and willfully paid remuneration, including any kickback, directly and indirectly, overtly and covertly, in cash and in kind, to Unindicted Co-conspirator 1, Unindicted Co-conspirator 2, and **Lydia Henslee**, through MedPro and LAC Media Group, for arranging for the furnishing of any item and service for which payment may be made in whole and in part under the Medicare program and in return for arranging for the ordering of any service and item for which payment may be made in whole and in part under the Medicare program; and Unindicted Co-conspirator 1, Unindicted Co-conspirator 2, and **Lydia Henslee**, through MedPro and LAC Media Group, knowingly and willfully received remuneration, including any kickback, directly and indirectly, overtly and covertly, in cash and in kind, in return for arranging for the furnishing of any item and service for which payment may be made in whole and in part under the Medicare program and in return for arranging for the ordering of any service and item for which payment may be made in whole and in part under the Medicare program.

| Overt Act | Payment Date | Amount | Entity |
|---|---|---|---|
| a. | 5/31/2018 | $2,000.00 | MedPro |
| b. | 6/11/2018 | $4,000.00 | MedPro |
| c. | 6/25/2018 | $3,000.00 | MedPro |
| d. | 7/6/2018 | $3,000.00 | MedPro |
| e. | 7/10/2018 | $3,000.00 | MedPro |
| f. | 7/16/2018 | $2,000.00 | LAC Media Group |
| g. | 7/16/2018 | $3,000.00 | MedPro |
| h. | 7/24/2018 | $2,000.00 | LAC Media Group |
| i. | 7/24/2018 | $3,000.00 | MedPro |
| j. | 7/31/2018 | $3,000.00 | MedPro |
| k. | 7/31/2018 | $2,000.00 | LAC Media Group |
| l. | 8/6/2018 | $2,000.00 | LAC Media Group |
| m. | 8/6/2018 | $3,000.00 | MedPro |
| n. | 8/14/2018 | $2,000.00 | LAC Media Group |
| o. | 8/14/2018 | $3,000.00 | MedPro |

**LPI Media Group Payments to MedPro and LAC Media Group**

19.     Between July 2018 and April 2019, **Steven Churchill** and **Samson Solomon**, through LPI Media Group, paid MedPro and LAC Media Group approximately $1,223,126.56 in exchange for orthotics referrals.

20.     On or about the dates specified below in the payment date column, to the particular entity or individual specified, and in the amounts specified, a portion of which constituted illegal remunerations, **Steven Churchill** and **Samson Solomon,** through LPI Media Group, knowingly and willfully paid remuneration, including any kickback, directly and indirectly, overtly and covertly, in cash and in kind, to Unindicted Co-conspirator 1, Unindicted Co-conspirator 2, and **Lydia Henslee**, through MedPro and LAC Media Group, for arranging for the furnishing of any item and service for which payment may be made in whole and in part under the Medicare program and in return for

arranging for the ordering of any service and item for which payment may be made in whole and in part under the Medicare program; and Unindicted Co-conspirator 1, Unindicted Co-conspirator 2, and **Lydia Henslee**, through MedPro and LAC Media Group, knowingly and willfully received remuneration, including any kickback, directly and indirectly, overtly and covertly, in cash and in kind, in return for arranging for the furnishing of any item and service for which payment may be made in whole and in part under the Medicare program and in return for arranging for the ordering of any service and item for which payment may be made in whole and in part under the Medicare program.

| Overt Act | Payment Date | Amount | Entity |
|---|---|---|---|
| a. | 7/23/2018 | $9,500.00 | MedPro |
| b. | 7/30/2018 | $17,280.00 | MedPro |
| c. | 8/7/2018 | $16.800.00 | MedPro |
| d. | 8/15/2018 | $20,160.00 | MedPro |
| e. | 8/22/2018 | $20,756.00 | LAC Media Group |
| f. | 8/22/2018 | $22,960.00 | LAC Media Group |
| g. | 8/28/2018 | $38,880.00 | LAC Media Group |
| h. | 9/5/2018 | $30,560.00 | LAC Media Group |
| i. | 9/12/2018 | $39,920.00 | LAC Media Group |
| j. | 9/19/2018 | $19,460.00 | LAC Media Group |
| k. | 9/27/2018 | $31,150.00 | LAC Media Group |
| l. | 10/3/2018 | $7,420.00 | LAC Media Group |
| m. | 10/9/2018 | $15,330.00 | LAC Media Group |
| n. | 10/16/2018 | $19,250.00 | LAC Media Group |
| o. | 10/23/2018 | $15,960.00 | LAC Media Group |
| p. | 10/30/2018 | $17,850.00 | LAC Media Group |
| q. | 11/8/2018 | $23,730.00 | LAC Media Group |
| r. | 11/15/2018 | $30,000.00 | LAC Media Group |
| s. | 11/20/2018 | $7,100.00 | LAC Media Group |
| t. | 11/21/2018 | $49,420.00 | LAC Media Group |
| u. | 11/28/2018 | $22,400.00 | LAC Media Group |

| Overt Act | Payment Date | Amount | Entity |
|---|---|---|---|
| v. | 11/29/2018 | $12,040.00 | LAC Media Group |
| w. | 12/7/2018 | $59,990.00 | LAC Media Group |
| x. | 12/13/2018 | $31,720.00 | LAC Media Group |
| y. | 12/27/2018 | $43,730.00 | LAC Media Group |
| z. | 12/31/2018 | $45,830.00 | LAC Media Group |
| aa. | 1/7/2019 | $21,280.00 | LAC Media Group |
| bb. | 1/15/2019 | $33,180.00 | LAC Media Group |
| cc. | 1/22/2019 | $49,000.00 | LAC Media Group |
| dd. | 1/25/2019 | $38,080.00 | LAC Media Group |
| ee. | 2/4/2019 | $26,040.00 | LAC Media Group |
| ff. | 2/8/2019 | $33,250.00 | LAC Media Group |
| gg. | 2/14/2019 | $50,890.00 | LAC Media Group |
| hh. | 2/22/2019 | $37,450.00 | LAC Media Group |
| ii. | 3/1/2019 | $25,000.00 | LAC Media Group |
| jj. | 3/4/2019 | $12,130.00 | LAC Media Group |
| kk. | 3/8/2019 | $39,510.00 | LAC Media Group |
| ll. | 3/15/2019 | $40,000.00 | LAC Media Group |
| mm. | 3/19/2019 | $15,900.00 | LAC Media Group |
| nn. | 3/21/2019 | $52,780.00 | LAC Media Group |
| oo. | 3/31/2019 | $37,500.00 | LAC Media Group |
| pp. | 4/2/2019 | $13,460.56 | LAC Media Group |
| qq. | 4/5/2019 | $28,480.00 | LAC Media Group |

All in violation of 18 U.S.C. § 371.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(7), and 28 U.S.C. § 2461(c)

1.     The allegations contained in Count 1 this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest.

2.     Upon conviction of any violation of 18 U.S.C. § 371, the defendants, **Steven Churchill, Samson Solomon, David Warren**, **Daniel Stadtman**, and **Lydia Henslee**, shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity," pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3.     Upon conviction of any Federal health care offense, the defendants, **Steven Churchill, Samson Solomon, David Warren**, **Daniel Stadtman**, and **Lydia Henslee**, shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 982(a)(7).

4.     Pursuant to 21 U.S.C. § 853(p), as incorporated by reference by 18 U.S.C. § 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendant:

      a.  Cannot be located upon the exercise of due diligence;

      b.  Has been transferred, or sold to, or deposited with a third party;

      c.  Has been placed beyond the jurisdiction of the Court;

**Indictment – Page 20**

    d.  Has been substantially diminished in value; or

    e.  Has been commingled with other property which cannot be subdivided

        without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendant

up to the value of the above-described forfeitable properties, including, but not limited to,

any identifiable property in the name of the defendants, **Steven Churchill, Samson**

**Solomon, David Warren**, **Daniel Stadtman**, and **Lydia Henslee**.

    5.    The property which is subject to forfeiture, includes but is not limited to the

following:

> Cash Proceeds:
>
> A sum of money equal to $2,919,135.00 in United States
> currency, and all interest and proceeds traceable thereto,
> representing the proceeds of the offense, for which the
> defendants are personally liable.

    6.    By virtue of the commission of the offenses alleged in this Indictment, any

and all interest the defendants have in the above-described property is vested in the

United States and hereby forfeited to the United States pursuant to 18 U.S.C. §

981(a)(1)(C), 18 U.S.C. § 982(a)(7), and 28 U.S.C. § 2461(c).

    All pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(7), and 28 U.S.C. §

2461(c) and the procedures set forth at 21 U.S.C. § 853, as made applicable through 18

U.S.C. § 982(b)(1).

A TRUE BILL

_____

GRAND JURY FOREPERSON

11/16/20

Date

STEPHEN J. COX
UNITED STATES ATTORNEY

NATHANIEL C. KUMMERFELD
ASSISTANT UNITED STATES ATTORNEY

ADRIAN GARCIA
ASSISTANT UNITED STATES ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 4:20-CR-252 |
| v. | § | JUDGE ALM/KPJ |
| | § | |
| STEVEN CHURCHILL (01) | § | |
| SAMSON SOLOMON (02) | § | |
| DAVID WARREN (03) | § | |
| DANIEL STADTMAN (04) | § | |
| LYDIA HENSLEE (05) | § | |

## NOTICE OF PENALTY

## COUNT 1

VIOLATION:           18 U.S.C. § 371
                     Conspiracy to Commit Illegal Remunerations

PENALTY:             Imprisonment of not more than five (5) years; the greater of a
                     fine not to exceed $250,000, a fine not to exceed two times
                     the gross gain to the Defendant, or a fine not to exceed two
                     times the loss to the victim, or both such imprisonment and
                     fine; and a term of supervised release of not more than three
                     (3) years.

SPECIAL ASSESSMENT: $100.00

**Indictment – Page 23**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
| | § | |
| v. | § | |
| | § | Case Number: **4:20-CR-00252-ALM-KPJ(3)** |
| **DAVID WARREN** | § | USM Number: **19588-509** |
| | § | **Christopher Jay Downey** |
| | § | Defendant's Attorney |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☒ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | **1 of the Third Superseding Indictment** |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC §371 | Conspiracy to Commit Illegal Renumerations | 1/2019 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Remaining Count(s) and underlying Indictment(s) ☐ is ☒ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**August 28, 2024**
Date of Imposition of Judgment

Signature of Judge

**AMOS L. MAZZANT, III**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**August 28, 2024**
Date

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case                                      Judgment -- Page 2 of 6

DEFENDANT:          DAVID WARREN
CASE NUMBER:        4:20-CR-00252-ALM-KPJ(3)

# PROBATION

The defendant is hereby sentenced to probation for a term of: **5 years (60 months)**.

# MANDATORY CONDITIONS

1.      You must not commit another federal, state or local crime.

2.      You must not unlawfully possess a controlled substance.

3.      You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☒      The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)

4.      ☒ You must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)

5.      ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (check if applicable)

6.      ☐ You must participate in an approved program for domestic violence. (check if applicable)

7.      ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. (check if applicable)

8.      You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9.      If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

10.     You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments. You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case                                                    Judgment -- Page 3 of 6

DEFENDANT:              DAVID WARREN
CASE NUMBER:            4:20-CR-00252-ALM-KPJ(3)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____        Date _____

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case

Judgment -- Page 4 of 6

DEFENDANT:           DAVID WARREN
CASE NUMBER:      4:20-CR-00252-ALM-KPJ(3)

# SPECIAL CONDITIONS OF SUPERVISION

You must provide the probation officer with access to any requested financial information for purposes of monitoring fine/restitution payments and employment.

You must complete 60 hours of community service as directed by the probation officer.

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case

Judgment -- Page 5 of 6

DEFENDANT: DAVID WARREN
CASE NUMBER: 4:20-CR-00252-ALM-KPJ(3)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $.00 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until *An Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution
    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case

Judgment -- Page 6 of 6

DEFENDANT: DAVID WARREN
CASE NUMBER: 4:20-CR-00252-ALM-KPJ(3)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payments of $ 100.00 due immediately, balance due

☐ not later than                                         , or

☒ in accordance        ☐ C,        ☐ D,        ☐ E, or        ☒ F below; or

B ☐ Payment to begin immediately (may be combined with        ☐ C,        ☐ D, or        ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment;
or

D ☐ Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from
imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release
from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that
time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:
**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1, which
shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.** Any and all
monetary penalties imposed by the Court are due and payable immediately by cashier's check or money order made out
to the U.S. District Court and shall be forwarded to the U.S. District Court, Fine and Restitution Section, 211 West
Ferguson Street, Room 106, Tyler, Texas 75702.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is
due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and
Several Amount, and corresponding payee, if appropriate.

☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same
loss that gave rise to defendant's restitution obligation.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
Cash proceeds obtained by the defendant in the amount of $342,122.57.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment,
(5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and
court costs.

CLOSED

# U.S. District Court
## Eastern District of TEXAS [LIVE] (Sherman)
## CRIMINAL DOCKET FOR CASE #: 4:20-cr-00252-ALM-BD-3

Case title: USA v. Churchill et al

Date Filed: 09/10/2020

Date Terminated: 08/28/2024

---

Assigned to: Chief District Judge Amos L
Mazzant
Referred to: Magistrate Judge Bill Davis

### Defendant (3)

**David Warren**
*TERMINATED: 08/28/2024*

represented by **Christopher Jay Downey**
Christopher J Downey PC
2814 Hamilton
Houston, TX 77004
713/651-0400
Fax: 713/395-1311
Email: chris@downeylawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

### Pending Counts

18 U.S.C. § 371 (Conspiracy to Commit
Illegal Remunerations)
(1sss)

### Disposition

60 months probation, 60 hours of
community service, special assessment of
$100

### Highest Offense Level (Opening)

Felony

### Terminated Counts

Conspiracy to Commit Illegal
Remunerations
(1)

Conspiracy to Commit Illegal
Remunerations
(1s)

18 U.S.C. §371 (Conspiracy to Commit
Illegal Remunerations)
(1ss)

### Disposition

dismissed

dismissed

dismissed

| | |
|---|---|
| 42 U.S.C. § 1320a-7b(b)(2) and 18 U.S.C. § 2 (Offering an Paying Illegal Remunerations and Aiding and Abetting) (8ss-13ss) | dismissed |
| 42 U.S.C. § 1320a-7b(b)(2) and 18 U.S.C. § 2 (Offering and Paying Illegal Remunerations and Aiding and Abetting) (8sss-13sss) | dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Adrian Garcia** |
| | | United States Attorney's Office, ED/TX - Plano |
| | | 101 E. Park Blvd., Suite 500 |
| | | Plano, TX 75074 |
| | | 972-509-1201 |
| | | Fax: 972-509-1209 |
| | | Email: Adrian.Garcia@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant US Attorney* |
| | | |
| | | **Bethany Rose Pickett** |
| | | U.S. Attorney's Office - Plano |
| | | 101 E. Park Blvd |
| | | Suite 500 |
| | | Plano, TX 75074 |
| | | 907-509-1206 |
| | | Email: bethany.pickett2@usdoj.gov |
| | | *TERMINATED: 06/05/2023* |
| | | *Designation: Assistant US Attorney* |
| | | |
| | | **Nathaniel Christopher Kummerfeld** |
| | | U S Attorney's Office - Tyler |
| | | 110 N. College |
| | | Ste 700 |
| | | Tyler, TX 75702 |
| | | 903-590-1400 |
| | | Fax: 903-590-1439 |
| | | Email: nathaniel.kummerfeld@usdoj.gov |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant US Attorney* |

| Date Filed | # | Docket Text |
|---|---|---|
| 09/10/2020 | 1 | INDICTMENT as to Steven Churchill (1) count(s) 1, Samson Solomon (2) count(s) 1, David Warren (3) count(s) 1, Daniel Stadtman (4) count(s) 1. (mem) (Entered: 09/15/2020) |
| 09/10/2020 | 4 | E-GOV SEALED Form AO 257 filed as to David Warren (mem) (Entered: 09/15/2020) |
| 09/22/2020 | 10 | NOTICE OF ATTORNEY APPEARANCE Adrian Garcia appearing for USA. (Garcia, Adrian) (Entered: 09/22/2020) |
| 09/25/2020 | | NOTICE OF HEARING as to Steven Churchill, Samson Solomon, David Warren, Daniel Stadtman: Initial Appearance and Arraignment set for 10/30/2020 at 09:30 AM in Ctrm A01 (Sherman - Annex) before Magistrate Judge Christine A. Nowak. (klee, ) (Entered: 09/25/2020) |
| 10/15/2020 | 19 | MOTION to Continue by USA as to David Warren. (Attachments: # 1 Text of Proposed Order)(Kummerfeld, Nathaniel) (Entered: 10/15/2020) |
| 10/22/2020 | 21 | Notice of Appearance as Counsel by David Warren, Attorney: Christopher Downey . (Downey, Christopher) Modified text on 10/27/2020 (mem). (Entered: 10/22/2020) |
| 10/26/2020 | 22 | Unopposed MOTION to Continue *Initial Appearance and Arraignment* by David Warren. (Downey, Christopher) (Entered: 10/26/2020) |
| 10/27/2020 | 23 | ORDER granting 22 MOTION to Continue *Initial Appearance and Arraignment* filed by David Warren, 19 MOTION to Continue filed by USA. Initial Appearance and Arraignment reset for 11/30/2020 at 09:30 AM in Ctrm 108 (Plano) before Magistrate Judge Kimberly C Priest Johnson. Signed by Magistrate Judge Christine A. Nowak on 10/27/2020. (mem) (Entered: 10/27/2020) |
| 11/19/2020 | 41 | FIRST SUPERSEDING INDICTMENT as to Steven Churchill (1) count(s) 1s, Samson Solomon (2) count(s) 1s, David Warren (3) count(s) 1s, Daniel Stadtman (4) count(s) 1s, Lydia Henslee (5) count(s) 1. (mem) (Entered: 11/19/2020) |
| 11/19/2020 | 44 | E-GOV SEALED Form AO 257 filed as to David Warren (mem) (Entered: 11/20/2020) |
| 11/30/2020 | 48 | WAIVER of Rights and Consent to Proceed by video conference by David Warren (Downey, Christopher) (Entered: 11/30/2020) |
| 11/30/2020 | | Arrest (Summons) of David Warren (mem) (Entered: 11/30/2020) |
| 11/30/2020 | 49 | Minute Entry for proceedings held before Magistrate Judge Kimberly C Priest Johnson:Initial Appearance and Arraignment as to David Warren held on 11/30/2020. Plea entered by David Warren Not Guilty on counts 1s. Order setting conditions of release. (Court Reporter: Digital.) (mem) (Entered: 11/30/2020) |
| 11/30/2020 | 50 | ORDER as to David Warren: By this written Order issued to the prosecution and defense counsel the Court confirms the disclosure obligation of the prosecutor under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and the possible consequences of violating such Order under applicable law. Signed by Magistrate Judge Kimberly C Priest Johnson on 11/30/2020. (mem) (Entered: 11/30/2020) |
| 11/30/2020 | 51 | E-GOV SEALED ORDER Setting Conditions of Release as to David Warren (3) PR. Signed by Magistrate Judge Kimberly C Priest Johnson on 11/30/2020. (mem) (Entered: 11/30/2020) |

| | | |
|---|---|---|
| 12/15/2020 | 54 | MOTION for Protective Order by USA as to Steven Churchill, Samson Solomon, David Warren, Daniel Stadtman, Lydia Henslee. (Attachments: # 1 Text of Proposed Order) (Garcia, Adrian) (Entered: 12/15/2020) |
| 12/16/2020 | 60 | PROTECTIVE ORDER granting 54 Motion for Protective Order as to Steven Churchill (1), Samson Solomon (2), David Warren (3), Daniel Stadtman (4), Lydia Henslee (5). Signed by Magistrate Judge Kimberly C Priest Johnson on 12/16/2020. (mem) (Entered: 12/17/2020) |
| 12/22/2020 | 63 | Receipt for surrender of Passport dated 11/30/2020 as to David Warren Passport Number 534405189 issued by USA (mem) (Entered: 12/22/2020) |
| 12/30/2020 | 68 | ORDER TO CONTINUE - Ends of Justice granting 62 Unopposed MOTION to Continue filed by Steven Churchill, granting 61 Unopposed MOTION to Continue filed by Steven Churchill, granting 66 Unopposed MOTION to Continue filed by Steven Churchill - as to Steven Churchill, Samson Solomon, David Warren, Lydia Henslee. Signed by District Judge Amos L. Mazzant, III on 12/30/2020. (mem) (Entered: 12/30/2020) |
| 12/30/2020 | 69 | PRETRIAL ORDER as to Steven Churchill, Samson Solomon, David Warren, Lydia Henslee: Plea Agreement due by 4:00 PM on 3/12/2021. Final Pretrial Conference set for 4/2/2021 at 10:00 AM in Ctrm 208 (Sherman) before District Judge Amos L. Mazzant III. Signed by District Judge Amos L. Mazzant, III on 12/30/2020. (mem) (Entered: 12/30/2020) |
| 01/14/2021 | 80 | NOTICE OF ATTORNEY APPEARANCE Bethany Rose Pickett appearing for USA. (Pickett, Bethany) (Entered: 01/14/2021) |
| 03/03/2021 | 96 | Unopposed MOTION to Continue *Plea deadline and Pretrial setting* by David Warren. (Downey, Christopher) (Entered: 03/03/2021) |
| 03/12/2021 | 101 | NOTICE of Attorney Appearance - Pro Hac Vice by Michelle L. Spaulding on behalf of Daniel Stadtman. Filing fee $ 100, receipt number 0540-8294043. (Spaulding, Michelle) (Additional attachment(s) added on 3/15/2021: # 1 Exhibit) (bmf, ). (Entered: 03/12/2021) |
| 03/16/2021 | 102 | ORDER TO CONTINUE - Ends of Justice granting 96 MOTION to Continue filed by David Warren and granting 100 MOTION to Continue filed by Samson Solomon as to Steven Churchill, Samson Solomon, David Warren, Lydia Henslee. This case is RESET for Pretrial Conference on September 3, 2021, at 10:00 a.m. as to all Defendants before the Court. Signed by District Judge Amos L. Mazzant, III on 3/16/2021. (rpc, ) (Entered: 03/16/2021) |
| 03/16/2021 | 103 | PRETRIAL ORDER as to Steven Churchill, Samson Solomon, David Warren, Lydia Henslee: Plea Agreement due by 4:00 PM on 8/13/2021. Final Pretrial Conference set for 9/3/2021 at 10:00 AM in Ctrm 208 (Sherman) before District Judge Amos L. Mazzant III. Signed by District Judge Amos L. Mazzant, III on 3/16/2021. (rpc, ) (Entered: 03/16/2021) |
| 08/12/2021 | 115 | SECOND SUPERSEDING INDICTMENT as to Steven Churchill (1) count(s) 1ss, 2ss-7ss, Samson Solomon (2) count(s) 1ss, 2ss-7ss, David Warren (3) count(s) 1ss, 8ss-13ss, Daniel Stadtman (4) count(s) 1ss. (rpc, ) (Entered: 08/16/2021) |
| 08/12/2021 | 118 | E-GOV SEALED Form AO 257 filed as to David Warren (rpc, ) (Entered: 08/16/2021) |
| 08/19/2021 | 120 | ORDER TO CONTINUE - Ends of Justice granting 114 MOTION to Continue filed by Samson Solomon as to Steven Churchill, Samson Solomon, David Warren, Daniel Stadtman, Lydia Henslee. This case is RESET and set for Pretrial Conference on January |

| | | |
|---|---|---|
| | | 7, 2022 at 10:00 a.m. as to all Defendants before the Court. Signed by District Judge Amos L. Mazzant, III on 8/19/2021. (rpc, ) (Entered: 08/19/2021) |
| 08/19/2021 | 121 | PRETRIAL ORDER as to Steven Churchill, Samson Solomon, David Warren, Daniel Stadtman, Lydia Henslee: Plea Agreement due by 4:00 PM on 12/17/2021. Final Pretrial Conference set for 1/7/2022 at 10:00 AM in Ctrm 208 (Sherman) before District Judge Amos L. Mazzant III. Signed by District Judge Amos L. Mazzant, III on 8/19/2021. (rpc, ) (Entered: 08/19/2021) |
| 12/17/2021 | 133 | ORDER TO CONTINUE - Ends of Justice granting 132 MOTION to Continue filed by Steven Churchill, and 131 MOTION to Continue filed by Samson Solomon as to Steven Churchill, Samson Solomon, David Warren. This case is RESET for Pretrial Conference on April 1, 2022 at 10:00 a.m. Signed by District Judge Amos L. Mazzant, III on 12/17/2021. (rpc, ) (Entered: 12/17/2021) |
| 12/17/2021 | 134 | PRETRIAL ORDER as to Steven Churchill, Samson Solomon, David Warren: Plea Agreement due by 4:00 PM on 3/11/2022. Final Pretrial Conference set for 4/1/2022 at 10:00 AM in Ctrm 208 (Sherman) before District Judge Amos L. Mazzant III. Signed by District Judge Amos L. Mazzant, III on 12/17/2021. (rpc, ) (Entered: 12/17/2021) |
| 01/13/2022 | 135 | THIRD SUPERSEDING INDICTMENT as to Steven Churchill (1) count(s) 1sss, 2sss-7sss, Samson Solomon (2) count(s) 1sss, 2sss-7sss, David Warren (3) count(s) 1sss, 8sss-13sss. (rpc, ) (Entered: 01/14/2022) |
| 01/13/2022 | 138 | E-GOV SEALED Form AO 257 filed as to David Warren (rpc, ) (Entered: 01/14/2022) |
| 03/11/2022 | 140 | ORDER TO CONTINUE - Ends of Justice as to Steven Churchill, Samson Solomon, David Warren granting 139 Unopposed MOTION to Continue *Pre-Trial/Trial Deadlines* filed by Samson Solomon. This case is RESET for Pretrial Conference on August 5, 2022, at 10:00 a.m. as to all Defendants before the Court. Signed by District Judge Amos L. Mazzant, III on 3/11/22. (kcv, ) (Entered: 03/11/2022) |
| 03/11/2022 | 141 | PRETRIAL ORDER as to Steven Churchill, Samson Solomon, David Warren. Plea Agreement deadline 7/15/2022 by 4:00 p.m. Pretrial Conference reset for 8/5/2022 at 10:00 AM in Ctrm 208 (Sherman) before District Judge Amos L. Mazzant III. Signed by District Judge Amos L. Mazzant, III on 3/11/22. (kcv, ) (Entered: 03/11/2022) |
| 03/21/2022 | 144 | Unopposed MOTION to Continue *Plea deadline and Pretrial setting* by David Warren. (Downey, Christopher) (Entered: 03/21/2022) |
| 03/21/2022 | 145 | ORDER TO CONTINUE - Ends of Justice granting 144 Unopposed MOTION to Continue as to David Warren. This case is RESET for Pretrial Conference on August 5, 2022, at 10:00 a.m. A new Pretrial Order was entered on March 11, 2022 (Dkt. # 141 ). Signed by District Judge Amos L. Mazzant, III on 3/21/2022. (rpc, ) (Entered: 03/21/2022) |
| 07/18/2022 | 148 | ORDER GRANTING UNOPPOSED MOTIONS FOR CONTINUANCE. This case is RESET for Pretrial Conference onOctober 7, 2022, at 10:00 a.m. as to all Defendant's before the Court.. Signed by District Judge Amos L. Mazzant, III on 07/18/2022. (klc, ) (Entered: 07/18/2022) |
| 07/18/2022 | 149 | PRETRIAL ORDER Plea Agreement due by 9/16/2022. Pretrial Conference set for 10/7/2022 10:00 AM before District Judge Amos L. Mazzant III.. Signed by District Judge Amos L. Mazzant, III on 07/18/2022. (klc, ) (Entered: 07/18/2022) |
| 09/23/2022 | 153 | ORDER TO CONTINUE - Ends of Justice granting 152 Amended MOTION to Continue filed by Samson Solomon as to Steven Churchill, Samson Solomon, David Warren. This case is RESET and specially set for Final Pretrial Conference on January 17, 2023, at 9:00 a.m. with Jury Selection and Trial to begin on January 17, 2023 at 10:00 a.m. as to |

| | | all Defendant's before the Court. Signed by District Judge Amos L. Mazzant, III on 9/23/2022. (rpc, ) (Entered: 09/23/2022) |
|---|---|---|
| 09/23/2022 | 154 | PRETRIAL ORDER as to Steven Churchill, Samson Solomon, David Warren: Plea Agreement due by 4:00 PM on 12/27/2022. Final Pretrial Conference set for 1/17/2023 at 09:00 AM in Ctrm 208 (Sherman) before District Judge Amos L. Mazzant III. Jury Selection/Trial set for 1/17/2023 at 10:00 AM in Ctrm 208 (Sherman) before District Judge Amos L. Mazzant III. Signed by District Judge Amos L. Mazzant, III on 9/23/2022. (rpc, ) (Entered: 09/23/2022) |
| 12/24/2022 | 168 | Unopposed MOTION to Continue by David Warren. (Downey, Christopher) (Entered: 12/24/2022) |
| 01/04/2023 | 171 | ORDER TO CONTINUE - Ends of Justice granting 165 Unopposed MOTION to Continue filed by Samson Solomon, 168 Unopposed MOTION to Continue filed by David Warren as to Steven Churchill, Samson Solomon, David Warren. This case is RESET and specially set for Final Pretrial Conference on April 24, 2023 at 9:00 a.m. with Jury Selection and Trial to begin on April 24, 2023 at 10:00 a.m. as to all Defendant's before the Court. Signed by District Judge Amos L. Mazzant, III on 1/4/2023. (rpc, ) (Entered: 01/04/2023) |
| 01/04/2023 | 172 | PRETRIAL ORDER as to Steven Churchill, Samson Solomon, David Warren: Plea Agreement due by 4:00 PM on 4/3/2023. Final Pretrial Conference set for 4/24/2023 at 09:00 AM in Ctrm 208 (Sherman) before District Judge Amos L. Mazzant III. Jury Selection/Trial set for 4/24/2023 at 10:00 AM in Ctrm 208 (Sherman) before District Judge Amos L. Mazzant III. Signed by District Judge Amos L. Mazzant, III on 1/4/2023. (rpc, ) (Entered: 01/04/2023) |
| 01/04/2023 | 173 | NOTICE *of Intent to Offer Records Pursuant to F.R.E. 902(11) and (13)* by USA as to Samson Solomon, David Warren (Attachments: # 1 Exhibit)(Kummerfeld, Nathaniel) (Entered: 01/04/2023) |
| 01/04/2023 | 174 | NOTICE *of Intent to Call Expert Witnesses* by USA as to Samson Solomon, David Warren (Attachments: # 1 Exhibit CV of Reginald Sparks, # 2 Exhibit CV of Stephen Quindoza)(Kummerfeld, Nathaniel) (Entered: 01/04/2023) |
| 03/24/2023 | 181 | ORDER TO CONTINUE - Ends of Justice granting 180 Agreed MOTION to Continue filed by Samson Solomon as to Steven Churchill, Samson Solomon, David Warren. this case is RESET for Pretrial Conference on July 17, 2023 at 9:00 a.m. in Courtroom #208, Paul Brown United States Courthouse, 101 East Pecan Street, Sherman, Texas with jury selection and trial to follow at 10:00 a.m. No further continuances will be granted. Signed by District Judge Amos L. Mazzant, III on 3/24/2023. (rpc, ) (Entered: 03/24/2023) |
| 03/24/2023 | 182 | PRETRIAL ORDER as to Steven Churchill, Samson Solomon, David Warren: Plea Agreement due by 4:00 PM on 7/1/2023. Final Pretrial Conference set for 7/17/2023 at 09:00 AM in Ctrm 208 (Sherman) before District Judge Amos L. Mazzant III. Jury Selection/Trial set for 7/17/2023 at 10:00 AM in Ctrm 208 (Sherman) before District Judge Amos L. Mazzant III. Signed by District Judge Amos L. Mazzant, III on 3/24/2023. (rpc, ) (Entered: 03/24/2023) |
| 06/05/2023 | 189 | NOTICE *OF SUBSTITION OF LEAD COUNSEL AND REMOVE OF FORMER COUNSEL* by USA as to Steven Churchill, Samson Solomon, David Warren, Daniel Stadtman, Lydia Henslee (Garcia, Adrian) (Entered: 06/05/2023) |
| 06/12/2023 | 190 | Agreed MOTION to Continue *Trial* by David Warren. (Downey, Christopher) (Entered: 06/12/2023) |

| | | |
|---|---|---|
| 06/13/2023 | 191 | ORDER denying 190 Motion to Continue Trial as to David Warren (3). Signed by District Judge Amos L. Mazzant, III on 6/13/2023. (rpc, ) (Entered: 06/13/2023) |
| 06/22/2023 | 192 | NOTICE OF PLEA AGREEMENT as to David Warren. (Garcia, Adrian) (Entered: 06/22/2023) |
| 06/29/2023 | 193 | ELEMENTS of the Offense by USA as to David Warren (Garcia, Adrian) (Entered: 06/29/2023) |
| 06/29/2023 | | NOTICE OF HEARING as to David Warren: Change of Plea Hearing set for 7/17/2023 at 09:45 AM in Ctrm 108 (Plano) before Magistrate Judge Kimberly C Priest Johnson. (mmc) (Entered: 06/29/2023) |
| 06/29/2023 | | NOTICE OF HEARING **DATE CORRECTION** as to David Warren: Change of Plea Hearing set for 7/13/2023 09:45 AM in Ctrm 108 (Plano) before Magistrate Judge Kimberly C Priest Johnson. (mmc) (Entered: 06/29/2023) |
| 06/30/2023 | | NOTICE OF HEARING **DATE CORRECTION** as to David Warren: Change of Plea Hearing set for **Friday, 7/14/2023** at 09:45 AM in Ctrm 108 (Plano) before Magistrate Judge Kimberly C Priest Johnson. (mmc) (Entered: 06/30/2023) |
| 07/14/2023 | 202 | Minute Entry for proceedings held before Magistrate Judge Kimberly C Priest Johnson: Change of Plea Hearing as to David Warren held on 7/14/2023 from 10:00 am - 10:27 am. Plea entered by David Warren (3) Guilty Count 1sss. Dft Location: Release/Bond. Attorney Appearances: AUSA - Will Tatum; Defense - Chris Downey. No exhibits (Court Reporter Digital Recording.) (knp, ) (Entered: 07/14/2023) |
| 07/14/2023 | 203 | WAIVER AND CONSENT TO PROCEED BEFORE UNITED STATES MAGISTRATE JUDGE FOR ENTRY OF GUILTY PLEA by David Warren (knp, ) (Entered: 07/14/2023) |
| 07/14/2023 | 204 | SEALED PLEA AGREEMENT as to David Warren (knp, ) (Entered: 07/14/2023) |
| 07/14/2023 | 206 | Factual Basis by USA as to David Warren. (knp, ) (Entered: 07/14/2023) |
| 07/14/2023 | 207 | FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE as to David Warren. Signed by Magistrate Judge Kimberly C Priest Johnson on 7/14/2023. (rpc, ) (Entered: 07/14/2023) |
| 07/17/2023 | 209 | First MOTION for Forfeiture of Property *(Preliminary Order of Forfeiture)* by USA as to David Warren. (Attachments: # 1 Proposed Order Preliminary Order of Forfeiture) (Kummerfeld, Nathaniel) (Entered: 07/17/2023) |
| 07/19/2023 | 210 | PRELIMINARY ORDER OF FORFEITURE as to David Warren. Signed by Magistrate Judge Kimberly C Priest Johnson on 7/18/23. (dm, ) (Entered: 07/20/2023) |
| 08/09/2023 | 212 | ORDER ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND FINDING DEFENDANT GUILTY as to David Warren. Signed by District Judge Amos L. Mazzant, III on 08/09/2023. (las, ) (Entered: 08/09/2023) |
| 04/04/2024 | 230 | SEALED OBJECTION TO PRESENCE INVESTIGATION REPORT (Downey, Christopher) (Entered: 04/04/2024) |
| 04/16/2024 | 233 | SEALED RESPONSE to Objection to Presentence Investigation Report (Kummerfeld, Nathaniel) (Entered: 04/16/2024) |
| 04/29/2024 | 235 | FINAL PRESENTENCE INVESTIGATION REPORT (SEALED) (including addendum) as to David Warren (Attachments: # 1 Supplement Cover Letter)(Melia, Marsha) (Entered: 04/29/2024) |

| | | |
|---|---|---|
| 04/30/2024 | | NOTICE OF HEARING as to David Warren: Sentencing set for 6/25/2024 at 11:00 a.m. in Ctrm 208 (Sherman) before District Judge Amos L. Mazzant III. All departure and variance motions, sentencing memoranda, character letters and any other documents relating to the sentencing hearing should be filed **at least 5 business days prior** to the date of the hearing. Character Letters should be submitted by email as one PDF document to Keary_Conrad@txed.uscourts.gov. (kkc) (Entered: 04/30/2024) |
| 05/01/2024 | 240 | SECOND SEALED OBJECTION TO PRESENTENCE INVESTIGATION REPORT by David Warren (Downey, Christopher) (Entered: 05/01/2024) |
| 06/17/2024 | | **RESCHEDULED** Set/Reset Hearings as to David Warren: Sentencing reset for 6/20/2024 at 11:15 AM in Ctrm 208 (Sherman) before District Judge Amos L. Mazzant III. All departure and variance motions, sentencing memoranda, character letters and any other documents relating to the sentencing hearing should be filed **at least 5 business days prior** to the date of the hearing. Character Letters should be submitted by email as one PDF document to Keary_Conrad@txed.uscourts.gov.(kkc) (Entered: 06/17/2024) |
| 06/18/2024 | 245 | FINAL MOTION for Forfeiture of Property by USA as to David Warren. (Attachments: # 1 Proposed Order Final Order of Forfeiture)(Kummerfeld, Nathaniel) (Entered: 06/18/2024) |
| 06/18/2024 | 246 | AGREED MOTION to Continue *Sentencing of Warren & Churchill* by David Warren. (Downey, Christopher) (Entered: 06/18/2024) |
| 06/18/2024 | 247 | FINAL ORDER OF FORFEITURE granting 245 Motion for Forfeiture of Property as to David Warren (3). Signed by District Judge Amos L. Mazzant, III on 6/18/2024. (rpc) (Entered: 06/18/2024) |
| 06/18/2024 | 248 | ORDER granting 246 Motion to Continue Sentencing as to David Warren (3). Signed by District Judge Amos L. Mazzant, III on 6/18/2024. (rpc) (Entered: 06/20/2024) |
| 06/18/2024 | | Set/Reset Deadlines/Hearings as to David Warren: Sentencing reset for 8/28/2024 at 10:00 AM in Ctrm 208 (Sherman) before District Judge Amos L. Mazzant III. (rpc) (Entered: 06/20/2024) |
| 08/12/2024 | | **TIME CHANGE ONLY** Set/Reset Hearings as to David Warren: Sentencing reset for 8/28/2024 at 10:45 a.m. in Ctrm 208 (Sherman) before District Judge Amos L. Mazzant III. (kkc) (Entered: 08/12/2024) |
| 08/28/2024 | 253 | Minute Entry for proceedings held before District Judge Amos L. Mazzant, III: Sentencing held on 8/28/2024 for David Warren (3), Count(s) 1, 1s, 1ss, 8ss-13ss, 8sss-13sss, dismissed; Count(s) 1sss, 60 months probation, 60 hours of community service, special assessment of $100. Dft Location: Release/Bond. (Court Reporter Chris Bickham.) (kkc) (Entered: 08/28/2024) |
| 08/28/2024 | 256 | JUDGMENT as to David Warren (3), Count(s) 1, 1s, 1ss, 8ss-13ss, 8sss-13sss, dismissed; Count(s) 1sss, 60 months probation, 60 hours of community service, special assessment of $100. Signed by District Judge Amos L. Mazzant, III on 8/28/2024. (rpc) (Entered: 08/28/2024) |
| 09/04/2024 | | Pursuant to General Order 24-06, case as to Steven Churchill, Samson Solomon, David Warren, Daniel Stadtman, Lydia Henslee reassigned to Magistrate Judge Bill Davis. Magistrate Judge Kimberly C Priest Johnson no longer assigned to the case. (mcg) (Entered: 09/04/2024) |
| 09/16/2024 | 258 | AGREED MOTION for Return of Property/PostTrial *Passport* by David Warren. (Downey, Christopher) (Entered: 09/16/2024) |

| 09/25/2024 | 259 | ORDER granting 258 Motion to Return Passport as to David Warren (3). Signed by District Judge Amos L. Mazzant, III on 9/25/2024. (rpc) (Entered: 09/25/2024) |
|---|---|---|